Chief Judge Fuld (dissenting in part).
I agree with the court that Boone’s conviction should be reversed but I cannot concur in its conclusion that Brandon’s should be affirmed. I would also reverse the judgment convicting him.
The trial against these defendants commenced on June 2, 1966, several days before Miranda v. Arizona (384 U. S. 436) was decided, but Brandon’s incriminatory statements were not introduced into evidence until June 23, 10 days after that decision and 3 days after Johnson v. New Jersey (384 U. S. 719) had been handed down.
It is true that the Supreme Court declared in Johnson that the Miranda ‘ ‘ guidelines are * * * available only to persons whose trials had not begun as of June 13, 1966 ” (p. 734). However, it seems to me that the Supreme Court was actually concerned with the date on which the statements were offered and introduced into evidence and not merely with the happenstance that the trial may have commenced before June 13. The court, I venture, desired merely to avoid a reversal of convictions in cases where trial judges had relied on pre-Miranda principles in admitting into evidence statements made by those on trial. This conclusion is borne out by the Supreme Court’s statement that it was declining to accord “ retroactive application ” to Mircmda because to do so “ would seriously disrupt the admin *487 istration of our criminal laws ’ ’ by requiring ‘ ‘ the retrial and release of numerous prisoners found guilty by trustworthy evidence in conformity with previously announced constitutional standards. ’ ’ (Johnson v. New Jersey, 384 U. S. 719, 731, supra.)
Not only had Brandon not been found guilty by June 13 on evidence introduced “in conformity with [such] previously announced * * * standards ” but, by the time his statements were offered upon the trial on June 23, the prosecutor and the trial judge had received—to cull again from Johnson (384 U. S., at p. 732) — “fair notice that statements taken in violation of these standards may not be used against an accused.” The district attorney’s mention of Brandon’s statements in his opening remarks — adverted to in the majority opinion (pp. 481-482) —may well have been proper, since Miranda had not yet been decided, but, surely, this fact alone may not be relied upon to justify his later proffer of those statements, and their acceptance by the court, after Miranda and Johnson had been decided.
The majority’s reasoning in the present case would exclude a defendant’s statement offered in evidence on June 23 if the trial had begun on June 14 and yet sanction its admission and use if the trial happened to have started on June 12. I seriously doubt .that the Supreme Court could have intended to fashion such an unreasonable doctrine or to suggest such an unfair and arbitrary result.
The convictions of both Boone and Brandon should be reversed.
Opinion by Judge Scileppi. All concur except Chief Judge Fuld who dissents in part and votes to reverse as to both defendants in an opinion in which Judge Burke concurs, and Judges Bergan and Jasen who dissent in part and vote to affirm as to both defendants.
In People v. Boone: Judgment reversed and a new trial ordered.
In People v. Brandon: Judgment affirmed.